■ MARLENE MILLION Also Known As HASELKORN, Respondent, v MICHAEL HASELKORN, Appellant. — In a matrimonial action in which the plaintiff wife was granted a divorce, the defendant father appeals from an order of the Family Court, Suffolk County (Mallon, J.), dated December 24, 1980, which, after a hearing, denied his motion to modify the divorce judgment by transferring custody of the children of the marriage to him. Order affirmed, without costs or disbursements. The defendant is directed to return Jason to the plaintiff by January 1, 1982. Other than the oldest child's preference, there was no change of circumstances, especially with respect to the crucial matter of the mother's fitness, to justify a modification of the custodial arrangements

which the parties originally stipulated to as being in the best interest of the children. The oldest child's preference to reside with the father is not determinative (see *Dintruff v McGreevy,* 34 NY2d 887). "Priority, not as an absolute but as a weighty factor, should, in the absence of extraordinary circumstances, be accorded to the first custody awarded in litigation or by voluntary agreement" *(Matter of Nehra v Uhlar,* 43 NY2d 242, 251; *Matter of Austin v Austin,* 65 AD2d 903). We find the father, by withholding the children at the end of summer visitation, attempted by self-help to create an extraordinary circumstance, which will not be countenanced by this court. In any event, the period of time during which the father retained the oldest child (May, 1979 to date) and the youngest child (May, 1979 — Oct., 1979) does not constitute such an extended period of time as to deny the mother the right to regain custody. (See *Matter of Nehra v Ulhar, supra;* cf. *Matter of Bennett v Jefferys,* 40 NY2d 543; *Matter of Bannister v Bannister,* 81 AD2d 913.) Hopkins, J.P., Mangano, Rabin and Cohalan, JJ., concur.