◼ In the Matter of SUZANNE NEU, Appellant, v ROBERT NEU, Respondent. [756 NYS2d 598] —In a child custody proceed-

ing pursuant to Family Court article 6, the mother appeals from an order of the Family Court, Dutchess County (Brands, J.), dated June 20, 2001, which, inter alia, after a hearing, denied her petition for a change in custody from the father to her.

Ordered that the order is affirmed, without costs or disbursements.

It is well established that a change in custody should be made only if the totality of the circumstances warrants a change in the best interests of the child (*see Matter of Lopez v Lopez,* 233 AD2d 398 [1996]). Moreover, since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence (*see Matter of Lopez v Lopez, supra; Alanna M. v Duncan M.,* 204 AD2d 409 [1994]). While "no agreement can bind the court to a particular disposition, the parties' own agreement as to who should have custody constitutes a 'weighty factor' to which priority should be accorded absent extraordinary circumstances" (*Alanna M. v Duncan M., supra* at 409). This policy is based on the belief that the stability it assures will serve the child's best interests (*see Alanna M. v Duncan M., supra* at 409).

Here, the witnesses testifying at the hearing unanimously agreed that both the child's performance in school and his ability to cope with the frustrations caused by the parents' separation had improved since the parties agreed on a new custody arrangement approximately five months before the mother filed her petition. In addition, the father testified that he was attending parenting classes. The child's therapist testified that living conditions at the father's home, about which several persons had earlier expressed concern, had improved. Finally, the Law Guardian explicitly revoked her earlier petition, stating that the problems about which she had been concerned had been ameliorated. Under such circumstances, the Family Court properly refused to modify the child's custody arrangements so as to grant custody to the mother.

Moreover, the Family Court providently exercised its discretion in declining to interview the child given the absence of any other evidence justifying the modification requested by the mother (*see Cardarelli v Cardarelli,* 277 AD2d 225 [2000]; *Million v Haselkorn,* 84 AD2d 809 [1981]; *Matter of Walker v Tallman,* 256 AD2d 1021 [1998]). Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.