In the Matter of NORREECE PEROGLU, Appellant, v VICTOR BAEZ, Respondent. [863 NYS2d 82]—

In related custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Hoffman, J.), dated December 21, 2007, which, after a hearing, denied her petitions for sole custody of the parties' two children, and granted the father's cross petitions for sole custody.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the mother's petitions for sole custody of the parties' two children are granted, the father's cross petitions for sole custody are denied, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith, before a different Judge.

The subject children are Jeremiah, born November 26, 2001,

and Nathaniel, born August 1, 2005. After the birth of Jeremiah, the mother moved, with the child, to Florida. Thereafter, by stipulation dated October 27, 2003, the parties agreed to joint legal and residential custody until Jeremiah reached school age, at which point residential custody would revert to the mother on condition that she moved back to New York. Before Jeremiah reached school age, the parties reconciled, and resided together in Suffolk County, where Nathaniel was born.

In April 2007 the mother took both children from Centereach in Suffolk County to live with her mother in the Bronx, and filed petitions for sole custody. The father filed cross petitions for sole custody. In May 2007 an order of protection was entered upon consent, directing the father to stay away from the mother, her home, and her place of employment, except for visitation purposes. The parties agreed that the father would have visitation on alternate weekends. Thereafter, a hearing was conducted with respect to custody.

It is clear from the evidence adduced at the hearing that both parties are loving parents and neither party is unfit. However, the record discloses certain troublesome facts about each of the parties. It is apparent that the relationship between the parties was a stormy one, and the father acknowledged that "everybody yells."

In August 2007 the Family Court directed the mother to register Jeremiah in first grade in the Middle Country School District in Suffolk County, where he had attended kindergarten. However, when the mother changed her residence and place of employment to Queens, she enrolled Jeremiah in school there, contrary to the direct order of the Family Court.

At the custody hearing, the father's neighbor testified that he had heard the father cursing, and observed visitors and noisy parties at the father's house "at all hours of the night." In August 2007 he observed police activity at the father's house, and spoke to the police detectives.

The father acknowledged that his house, owned by him and the mother jointly, was in foreclosure. Further, the father had a criminal record consisting of two felony convictions and one misdemeanor conviction from the 1990s.

At the conclusion of the hearing, the children's attorney noted that this was a difficult case since both parties were "clearly flawed," but also had "strengths and good points." However, she recommended that the children remain with the mother in the interest of stability, since the mother had had sole custody of them for seven months during the pendency of the proceedings, and the father's house was in foreclosure.

In an order appealed from dated December 21, 2007, the father was awarded custody of the children, with "substantial visitation" to the mother. By decision and order on motion dated January 14, 2008, this Court stayed enforcement of the order appealed from and continued residential custody with the mother pending hearing and determination of the instant appeal. Thereafter, in an order dated January 24, 2008, the Family Court awarded the father temporary visitation, inter alia, for three weekends per month, and directed that "[u]pon completion of the appeal, the parties may seek modifications to this Order as appropriate."

We reverse the order dated December 21, 2007, on the ground that it lacks a sound and substantial basis in the record, keeping in mind that the paramount concern in this matter is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 171, 173 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]).

We note that the Family Court found it significant that the mother came to court dressed in "hospital clothing, as if she were a nurse or other medical professional, but in fact works as a receptionist." The mother worked as an "assistant" in a medical office. The nature of her work attire was not relevant to her credibility.

Further, the Family Court found it significant that the mother was married to another man "for the entire course of the parties' relationship" and, based upon these facts, found her testimony "less than credible." However, the father had similar issues, such as a third child by a previous relationship with a woman he never married, and a fourth child from yet another relationship. Further, the father had a criminal record involving serious crimes.

Under the totality of the circumstances, the interests of the children would best be served by preserving the status quo, and leaving the children in the custody of their mother, who has served as their primary caretaker throughout their lives (see Eschbach v Eschbach, 56 NY2d at 171).

We further note that the conclusion of the Family Court that the mother is willing to "cut" the father out of the lives of the children is not supported by the record. Her move from the Bronx to Queens during the pendency of the proceedings did not impose obstacles to visitation, which was ongoing.

We deem it appropriate that the father's liberal visitation continue. Accordingly, the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith, before a different Judge. In awarding permanent visita-

tion, the Family Court may continue the visitation arrangement set by order of the Family Court dated January 24, 2008, with any appropriate modifications. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.