■ In the Matter of Monique Nunn, Respondent, v Wayne Bagley, Appellant. [880 NYS2d 561]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Duffy, J.), entered November 8, 2007, as, after a hearing, granted that branch of the mother's petition which was for sole custody of the parties' child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"Any court in considering questions of child custody must make every effort to determine what is in the best interests of the child, and what will best promote the child's welfare and happiness" (Matter of Carrasquillo v Cora, 60 AD3d 852, 853 [2009]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). "Factors to be considered include the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative

fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Berrouet v Greaves,* 35 AD3d 460, 461 [2006]). A parent's criminal history may militate against an award of custody (*see Matter of Peroglu v Baez,* 54 AD3d 416, 417 [2008]; *Matter of Esposito v Shannon,* 32 AD3d 471, 474 [2006]). A court also may consider a parent's history of substance abuse (*see Matter of Acosta v Acosta,* 259 AD2d 747, 748 [1999]). Further, "since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence" (*Matter of Neu v Neu,* 303 AD2d 509, 510 [2003]; *see Matter of Carrasquillo v Cora,* 60 AD3d at 852).

Here, the evidence revealed that the father had a history of criminal conduct and substance abuse. Additionally, the parties' child, who was 15 years old, had lived with the mother his entire life, and the mother had provided for his financial and emotional needs. Accordingly, the Family Court's determination that sole custody of the child should be awarded to the mother is supported by a sound and substantial basis in the record (*see Matter of Neu v Neu,* 303 AD2d at 510).

The father's remaining contentions are without merit. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.