■ In the Matter of MARK E. ARDUINO, SR., Respondent, v MARITZA AYUSO, Appellant. (Proceeding No. 1.) In the Matter of MARITZA AYUSO, Appellant, v MARK E. ARDUINO, SR., Respondent. (Proceeding No. 2.) [892 NYS2d 885]—

In related child custody proceedings pursuant to Family Court Act article 6 and family offense proceedings pursuant to Family Court Act article 8, the mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Daly, J.), dated February 29, 2008, as, after a hearing, granted the father's petition to modify an order of the Family Court, Westchester County (Guarino, J.), entered November 14, 2003, inter alia, awarding the parties joint legal custody of their children Mark Arduino, Jr., and Jane Arduino, with primary physical custody of the child Mark Arduino, Jr., to the mother and certain visitation to the father and, in effect, with primary physical custody of the child Jane Arduino to the father and certain visitation to the mother, by awarding the father sole custody of the subject children with certain visitation to the mother.

Ordered that the order dated February 29, 2008, is affirmed insofar as appealed from, without costs or disbursements.

In order to modify an existing custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Quinones v Ibarrondo, 67 AD3d 686 [2009]). The best interests of the child are determined by an examination of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]).

Here, contrary to the mother's contention, the hearing court properly considered the totality of the circumstances in determining that the best interests of the subject children would be served by awarding the father sole custody of the children with certain visitation to the mother. The hearing court's determination was made after a hearing, in camera interviews with the subject children, and a review of home studies of the parties' residences and forensic evaluations of the parties and the

children. Since the hearing court's determination has a sound and substantial basis in the record, we will not disturb it (*see Matter of Mohabir v Singh*, 63 AD3d 1159 [2009]; *Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]). Dillon, J.P., Covello, Miller and Chambers, JJ., concur.