■ ROBERT S. TRINAGEL, Appellant, v MINDY L. BOYAR, Respondent. [893 NYS2d 636]—

In a matrimonial action in which the parties were divorced by judgment entered October 30, 2003, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pach, J.H.O.), dated December 11, 2008, as, after a hearing, denied his motion to modify the parties' stipulation dated August 4, 2003, so as to award him sole custody of the parties' child or, in the alternative, residential custody of the child on school days.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a stipulation of settlement which was incorporated but not merged in the parties' judgment of divorce entered October 30, 2003, the parties agreed to joint custody of their only child, with the mother having residential custody. The father moved to modify the parties' judgment of divorce so as to award him sole custody of the child or, in the alternative, residential custody of the child on school days.

Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (*see Matter of Adams v Perryman*, 68 AD3d 860 [2009]; *Matter of Zeis v Slater*, 57 AD3d 793 [2008]; *Matter of Wirth v Wirth*, 56 AD3d 787 [2008]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence (*id.* at 173; *Matter of Nunn v Bagley*, 63 AD3d 1068, 1069 [2009]; *Matter of Carrasquillo v Cora*, 60 AD3d 852, 853 [2009]; *Matter of Neu v Neu*, 303 AD2d 509, 510 [2003]; *Kuncman v Kuncman*, 188

AD2d 517, 518 [1992]). Here, the Supreme Court properly determined that under all of the circumstances, an award of sole custody to the father was not in the child's best interests (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]). Moreover, contrary to the father's contention, the Supreme Court's determination that a change in residential custody would not promote the best interests of the child is supported by a sound and substantial basis in the record, and we decline to disturb it (*see Matter of Adams v Perryman*, 68 AD3d 860 [2009]; *Matter of Delano v Desimone*, 60 AD3d 673, 674 [2009]; *Matter of Neu v Neu*, 303 AD2d at 510). Covello, J.P., Santucci, Miller and Eng, JJ., concur.