In a proceeding, inter alia, pursuant to Family Court Act article 6 for grandparent visitation, the maternal grandmother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Kiedaisch, J.), dated May 15, 2009, as, after a hearing, denied her petition to modify a prior order of visitation of the same court, entered on consent of the parties on September 6, 2007, vacated that order, and dismissed the proceeding.
Ordered that the order dated May 15, 2009, is modified, on the law and the facts, by deleting the provisions thereof denying *562 that branch of the maternal grandmother’s petition which was for an order modifying the order entered September 6, 2007, so as to award her monthly visitation, vacating the order entered September 6, 2007, and dismissing the proceeding, and substituting therefor a provision granting the maternal grandmother’s petition to the extent of modifying the order entered September 6, 2007, so as to award her monthly supervised visitation; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
A prior order of visitation was entered on consent of the parties, awarding the maternal grandmother supervised visitation with her two granddaughters every other month. However, it is undisputed that visitation pursuant to this order occurred on only one occasion. The maternal grandmother filed the instant petition, seeking to modify the prior order of visitation so as to increase visitation to once per month, and for additional visits to make up for those visits that she was deprived of in abrogation of the prior order of visitation.
“In order to modify an existing custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child” (Matter of Arduino v Ayuso, 70 AD3d 682, 682 [2010]; see Matter of Quinones v Ibarrondo, 67 AD3d 686, 686 [2009]). “The best interests of the child are determined by an examination of the totality of the circumstances” (Matter of Arduino v Ayuso, 70 AD3d at 682; see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]).
Here, the grandmother established that there has been such a change of circumstances. By the parents’ testimony at the hearing that they did not intend to comply with the visitation order going forward, the parents have unilaterally determined after one visit that, despite the existing visitation arrangement, they would no longer allow the grandmother to visit with her grandchildren (cf. Goldstein v Goldstein, 68 AD3d 717, 720 [2009]; Matter of Le Blanc v Morrison, 288 AD2d 768, 770 [2001]; Matter of Markey v Bederian, 274 AD2d 816, 817 [2000]). Contrary to the Family Court’s determination, we find that it is in the grandchildren’s best interests to have once monthly supervised visitation with the grandmother (cf Matter of Wilson v McGlinchey, 2 NY3d 375 [2004]).
The appellant’s remaining contention is without merit. Skelos, J.E, Santucci, Dickerson and Leventhal, JJ., concur.