■ In the Matter of GREGORY M. CHABOTTE, JR., Respondent, v SAMANTHA P. FAELLA, Appellant. [908 NYS2d 607]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Bivona, J.), entered November 19, 2009, as, after a hearing, granted the father's petition to modify a prior order of the same court dated March 25, 2009, so as to award him sole legal and physical custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"To modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child" (*Matter of Zeis v Slater*, 57 AD3d 793, 793 [2008]; *see Matter of Jones v Leppert*, 75 AD3d 552 [2010]; *Matter of Gilleo v Williams*, 71 AD3d 1023 [2010]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Since any custody determination depends to a very great extent upon the

hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence" (*Trinagel v Boyar*, 70 AD3d 816, 816 [2010]; *see Matter of Russell v Russell*, 72 AD3d 973, 974 [2010]; *Matter of Adams v Perryman*, 68 AD3d 860 [2009]). Here, the Family Court's award of sole custody to the father has a sound and substantial basis in the record and will not be disturbed (*see Matter of Jones v Leppert*, 75 AD3d at 553; *Matter of Zeis v Slater*, 57 AD3d at 794). Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.