■ In the Matter of CHRIS SKEETE, Respondent, v LAKISHA HAMILTON, Appellant. [911 NYS2d 667]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Ebrahimoff, Ct. Atty. Ref.), dated May 6, 2009, which, after a hearing, granted the father's petition for a change in custody.

Ordered that the order is affirmed, without costs or disbursements.

" 'A party seeking a change in visitation or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing' " (*Matter of Mazzola v Lee*, 76 AD3d 531, 531 [2010], quoting *Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1149 [2010]; *see Matter of Grant v Hunter*, 64 AD3d 779 [2009]; *Matter of Riedel v Riedel*, 61 AD3d 979 [2009]). Contrary to the contentions of the mother and the attorney for the child, the father's allegations were sufficient to warrant a hearing (*see Matter of Vasquez-Williams v Williams*, 32 AD3d 859, 860 [2006]).

" 'Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a

change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child' " (*Matter of Mazzola v Lee*, 76 AD3d at 531, quoting *Matter of Leichter-Kessler v Kessler*, 71 AD3d at 1148-1149; *see Matter of Chabotte v Faella*, 77 AD3d 749 [2010]; *Matter of Peralta v Irrizary*, 76 AD3d 561, 562 [2010], *lv denied* 15 NY3d 714 [2010]; *Matter of Balgley v Cohen*, 73 AD3d 1038 [2010]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Chabotte v Faella*, 77 AD3d 749 [2010]; *Matter of Peralta v Irrizary*, 76 AD3d at 562). Since any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Otero v Nieves*, 77 AD3d 756 [2010]). Here, the Family Court's determination awarding custody to the father, made after a hearing and in camera interviews with the subject child, has a sound and substantial basis in the record and, accordingly, it will not be disturbed (*see Matter of Chabotte v Faella*, 77 AD3d 749 [2010]). Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.