In the Matter of Adrian Garcia, Respondent, v Schenida Fountain, Appellant. [918 NYS2d 729]—

" 'Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child' " (*Matter of Mazzola v Lee*, 76 AD3d 531, 531 [2010], quoting *Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1148-1149 [2010]; *see Matter of Skeete v Hamilton*, 78 AD3d 1187 [2010]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Skeete v Hamilton*, 78 AD3d at 1188; *Matter of Chabotte v Faella*, 77 AD3d 749 [2010]). " 'Since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence' " (*Matter of Chabotte v Faella*, 77 AD3d at 749-750, quoting *Trinagel v Boyar*, 70 AD3d 816, 816 [2010]).

Here, the Family Court's award of joint legal and physical custody to the parties has a sound and substantial basis in the record and will not be disturbed (*see Eschbach v Eschbach*, 56 NY2d at 172; *Matter of Skeete v Hamilton*, 78 AD3d at 1188; *Matter of Chabotte v Faella*, 77 AD3d at 750; *Matter of Jones v Leppert*, 75 AD3d 552, 553-554 [2010]; *Matter of Tercjak v Tercjak*, 49 AD3d 772 [2008]). Rivera, J.P., Dillon, Hall and Roman, JJ., concur.