■ In the Matter of KENNETH FRANCOIS, JR., Appellant, v MEAGAN E. GRIMM, Respondent. (Proceeding No. 1.) In the Matter of MEAGAN E. GRIMM, Respondent, v KENNETH FRANCOIS, Jr., Appellant. (Proceeding No. 2.) [924 NYS2d 275]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Kiedaisch, J.), dated March 30, 2010, which, after a hearing, inter alia, granted the mother's petition to modify prior orders of the same court so as to award sole legal and physical custody of the subject child to her and allowed the child to relocate to Florida where the mother was living at the time and, in effect, denied his petition for custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

" 'In order to modify an existing custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child' " (*Matter of Peralta v Irrizary*, 76 AD3d 561, 562 [2010], quoting *Matter of Arduino v Ayuso*, 70 AD3d 682, 682 [2010]; *see Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1148-1149 [2010]). " 'The best interests of the child are determined by an examination of the totality of the circumstances' " (*Matter of Peralta v Irrizary*, 76 AD3d at 562, quoting *Matter of Arduino v Ayuso*, 70 AD3d at 682; *see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]). " 'Since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence' " (*Matter of Chabotte v Faella*, 77 AD3d 749, 749-750 [2010], quoting *Trinagel v Boyar*, 70 AD3d 816, 816 [2010]).

Here, the Family Court's award of sole legal and physical custody to the mother has a sound and substantial basis in the

record and will not be disturbed (*see Eschbach v Eschbach*, 56 NY2d at 172; *Matter of Skeete v Hamilton*, 78 AD3d 1187, 1188 [2010]; *Matter of Chabotte v Faella*, 77 AD3d at 750; *Matter of Jones v Leppert*, 75 AD3d 552, 553-554 [2010]; *Matter of Tercjak v Tercjak*, 49 AD3d 772 [2008]). The Family Court properly determined that the proposed relocation of the child to Florida was in the child's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). Rivera, J.P., Skelos, Florio and Austin, JJ., concur.

Motion by the appellant on an appeal from an order of the Family Court, Orange County, dated March 30, 2010, to strike point III of the brief of the attorney for the child and point III of the respondent's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated March 7, 2011, inter alia, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion to strike point III of the brief of the attorney for the child and point III of the respondent's brief is granted, and those portions of the briefs of the attorney for the child and the respondent have not been considered in the determination of the appeal.

The new facts set forth in the briefs of the attorney for the child and the respondent do not demonstrate that the record before us is no longer sufficient for determining the best interests of the child (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]). Rivera, J.P., Skelos, Florio and Austin, JJ., concur.