■ In the Matter of SABRINA CADET, Appellant, v JAMES LAMOUR, Respondent. (Proceeding No. 1.) In the Matter of JAMES LAMOUR, Respondent, v SABRINA CADET, Appellant. (Proceeding No. 2.) [928 NYS2d 301]—

A "relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]). Here, the Family Court considered the appropriate factors in determining that it was not in the child's best interests to relocate with the mother to Newburgh (*id.*).

To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Zeis v Slater*, 57 AD3d 793, 794 [2008]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]).

Deference should be accorded to the credibility determinations of the hearing court, which saw and heard the witnesses, and the hearing court's determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Zeis v Slater*, 57 AD3d at 794).

Here, the Family Court's determination that the father satisfied his burden of demonstrating that there existed a change of circumstances warranting a change of custody is supported by a sound and substantial basis in the record. The evidence presented at the hearing established, among other things, that the mother interfered with the father's visitation rights and failed to inform the father of important matters regarding the child, such as her proposed impending relocation with the child to Newburgh and her unilateral decisions regarding the child's schooling. Accordingly, we decline to disturb the Family Court's determination (*see Matter of Caravella v Toale*, 78 AD3d 828 [2010]; *Matter of Zeis v Slater*, 57 AD3d at 794). Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.