■ In the Matter of GREGORY ROWE, Respondent, v ADMINIS-TRATOR FOR CHILDREN'S SERVICES-QUEENS, Respondent, and CHARITY M. SMITH, Appellant. [945 NYS2d 168]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Anixiadis, R.), dated March 10, 2011, which, after a hearing, awarded sole custody of the subject children to the father. The notice of appeal from a decision of the same court, also dated March 10, 2011, is deemed to be a notice of appeal from the order (*see* CPLR 5512 [a]).

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly considered the totality of the circumstances in determining that the best interests of the subject children would be served by awarding sole custody to the father (*see Matter of Cordero v DeLeon*, 92 AD3d 943 [2012]). This determination has a sound and substantial basis in the record, and should not be disturbed (*see Matter of Gasby v Chung*, 88 AD3d 709 [2011]; *Matter of Francois v Grimm*, 84 AD3d 1082 [2011]).

The Family Court did not err in proceeding without the testimony of the forensic evaluator, as the court was not required to order a forensic evaluation. Family Court Act § 251 (a) provides that the Family Court may order a parent "to be examined by a physician, psychiatrist or psychologist . . . when such an examination will serve the purposes of this act, [and] the court may remand any such person, for [a] physical or psychiatric examination . . . or direct such person to appear for such examination." However, the statute does not require such an examination. The recommendation of a court-appointed expert is but one factor to be considered, and it is entitled to some weight (*see Matter of Nikolic v Ingrassia*, 47 AD3d 819 [2008]). Here, the Family Court found that such an examination would help it make its determination, and repeatedly asked the mother if she would cooperate. The mother repeatedly declined to cooperate with a forensic evaluation, stating that it would be a "waste of my time." The Family Court made every effort to obtain an expert opinion in this case. Having refused to cooperate with the forensic evaluation, to stipulate to have the evaluator's report be admitted into evidence, or to have another evaluation done by a different evaluator, the mother cannot now claim that the Family Court erred in making a determination without expert testimony or evidence. The Family Court did not simply dispense with a forensic evaluation; it attempted to obtain such an evaluation, and finally proceeded in the face of the mother's refusal to cooperate.

The mother's contention that there was no signed stipulation for the referee who presided over the hearing to hear and determine the custody petition is without merit, as the mother signed a stipulation dated June 24, 2008, agreeing that this proceeding and the issues therein would be referred to the referee to hear and determine.

The mother's remaining contentions are without merit. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.