In the Matter of ENEIDA DIAZ, Respondent, v CARLOS DIAZ, Appellant. [948 NYS2d 413]—

" 'In order to modify an existing custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child' " (*Matter of Peralta v Irrizary*, 76 AD3d 561, 562 [2010], quoting *Matter of Arduino v Ayuso*, 70 AD3d 682, 682 [2010]; *see Matter of Francois v Grimm*, 84 AD3d 1082 [2011]; *Matter of Garcia v Fountain*, 82 AD3d 979 [2011]). " 'Since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence' " (*Matter of Chabotte v Faella*, 77 AD3d 749, 749-750 [2010], quoting *Trinagel v Boyar*, 70 AD3d 816, 816 [2010]; *see Matter of Francois v Grimm*, 84 AD3d at 1082; *Matter of Garcia v Fountain*, 82 AD3d at 979).

Here, the evidence established, among other things, that the father engaged in a course of conduct which intentionally interfered with the relationship between the children and the mother. Such action is "so inconsistent with the best interests of the child as to per se raise a strong probability that the offending party is unfit to act as custodial parent" (*Matter of Chebuske v Burnhard-Vogt*, 284 AD2d 456, 458 [2001]). Thus, the Family Court's determination that there had been a change of circumstances since the parties had agreed in October 2007 that the father should have physical custody of the children, and that it was in the children's best interests to award sole custody to the mother, had a sound and substantial basis in the record (*see Matter of Miller v Osik*, 94 AD3d 1124 [2012]; *Matter of Jones v Leppert*, 75 AD3d 552, 553 [2010]; *Matter of Lichtenfeld v Lichtenfeld*, 41 AD3d 849, 850 [2007]; *Matter of Carl J.B.*

*v Dorothy T.,* 186 AD2d 736 [1992]). Moreover, the Family Court's determination was consistent with the position of the attorney for the children, which is entitled to some weight (*see Matter of Caravella v Toale,* 78 AD3d 828 [2010]; *Matter of Kozlowski v Mangialino,* 36 AD3d 916, 917 [2007]). Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.