■ In the Matter of JEROME G. GRIFFIN, JR., Respondent, v NIKIEA MOORE-JAMES, Appellant. [960 NYS2d 222]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated September 15, 2010, which, after a hearing, granted the father's petition to modify a prior order of the same court dated January 4, 2010, awarding sole custody of the parties' child to the mother, subject to parenting time by the father, so as to award custody of the parties' child to the father, and (2) an order of the same court dated December 22, 2010, which awarded the mother only parenting time.

Ordered that the orders are affirmed, without costs or disbursements.

" 'Since any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of

the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record' " (*Matter of O'Loughlin v Sweetland*, 98 AD3d 983, 984 [2012], quoting *Matter of Skeete v Hamilton*, 78 AD3d 1187, 1188 [2010]; *see Matter of Nell v Nell*, 87 AD3d 541, 542 [2011]).

To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of O'Loughlin v Sweetland*, 98 AD3d at 983; *Matter of Sparacio v Fitzgerald*, 73 AD3d 790 [2010]; *Matter of Russell v Russell*, 72 AD3d 973, 974 [2010]; *Trinagel v Boyar*, 70 AD3d 816 [2010]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of O'Loughlin v Sweetland*, 98 AD3d at 984). One factor to be considered is the willingness of the custodial parent to assure meaningful contact between the child and the other parent (*see Matter of Vasquez v Ortiz*, 77 AD3d 962 [2010]; *Matter of Jules v Corriette*, 76 AD3d 1016, 1017 [2010]; *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]). Accordingly, interference by the custodial parent with the noncustodial parent's right to visitation may constitute a change in circumstances sufficient to warrant a change in custody (*see Matter of Cadet v Lamour*, 86 AD3d 538, 539 [2011]; *Matter of Caravella v Toale*, 78 AD3d 828 [2010]; *Matter of McClurkin v Bailey*, 78 AD3d 707, 707-708 [2010]; *Matter of Vasquez v Ortiz*, 77 AD3d 962, 963 [2010]; *Matter of Zeis v Slater*, 57 AD3d 793, 794 [2008]).

Here, the Family Court's determination that there had been a change of circumstances sufficient to warrant a change of custody based on the mother's interference with the father's visitation rights is supported by a sound and substantial basis in the record (*see Matter of Cadet v Lamour*, 86 AD3d at 539; *Matter of Caravella v Toale*, 78 AD3d at 828; *Matter of McClurkin v Bailey*, 78 AD3d at 707-708; *Matter of Vasquez v Ortiz*, 77 AD3d at 963; *Matter of Zeis v Slater*, 57 AD3d at 794).

The mother's remaining contentions either are without merit or unpreserved for appellate review. Rivera, J.P., Hall, Roman and Miller, JJ., concur.