In related child custody, visitation, and support proceedings pursuant to Family Court Act articles 4 and 6, the father appeals, as limited by his brief, (1) from so much of an order of the Family Court, Orange County (Currier-Woods, J.), dated October 20, 2011, as, after a hearing, granted the mother’s petition to modify a prior order of custody and visitation of the same court dated October 26, 2009, so as to award her sole legal and physical custody of the subject child, and (2) from so much of an order of the same court dated April 27, 2012, as granted the mother’s objection to a prior order of support of the same court (Krahulik, S.M.) entered March 1, 2012, to the extent of awarding her retroactive child support in the sum of $6,723.
Ordered that the orders dated October 20, 2011, and April 27, 2012, are affirmed insofar as appealed from, with one bill of costs.
“In order to modify an existing custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child” (Matter of Francois v Grimm, 84 AD3d 1082 [2011] [internal quotation marks omitted]; see Fam *809 ily Ct Act § 652). “The essential consideration in any custody controversy is the best interests of the child” (Matter of McDonough v McDonough, 73 AD3d 1067, 1068 [2010]). “The best interests of the child are determined by a review of the totality of the circumstances” (Matter of Garcia v Fountain, 82 AD3d 979, 980 [2011]). “Although a child’s wishes are not determinative, his or her wishes, age, and maturity should be given considerable weight” (Matter of Luo v Yang, 103 AD3d 636, 637 [2013]). “Since custody determinations depend in large part on the trial court’s assessment of the character and credibility of the parties and witnesses, that court’s findings are generally accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record” (Matter of Guzman v Pizarro, 102 AD3d 964, 965 [2013] [citations omitted]; see Matter of Mollet v Mollet, 99 AD3d 1007, 1008 [2012]).
Considering the totality of the circumstances, including the wishes of the subject child, which were expressed when he was 15 years old, the Family Court’s determination that there had been a sufficient change in circumstances requiring a change in custody to protect the best interests of the child has sound and substantial basis in the record and, thus, should not be disturbed (see Matter of Guzman v Pizarro, 102 AD3d at 965; Matter of Mollet v Mollet, 99 AD3d at 1008; Matter of Francois v Grimm, 84 AD3d at 1082; Matter of McDonough v McDonough, 73 AD3d at 1068).
Contrary to the father’s contention, the Support Magistrate’s determination of basic child support was proper. Since the combined parental income exceeded $136,000, the court, in its discretion, could apply the applicable percentage, in this case 17% for one child, or the factors set forth in Family Court Act § 413 (1) (f), or both, to the parental income in excess of $136,000 (see Family Ct Act § 413 [1] [b] [3] [i]; [c] [3]; [g]; Matter of Cassano v Cassano, 85 NY2d 649, 652-653 [1995]; Finke v Finke, 15 AD3d 615, 618 [2005]; Matter of Cody v Evans-Cody, 291 AD2d 27, 29 [2001]). The Support Magistrate properly applied the percentage to $136,000 of the parties’ combined income in determining basic child support. However, the Support Magistrate erred in deducting $3,500 from the mother’s retroactive child support for the period of August 19, 2011, to February 23, 2012, and, accordingly, should have awarded the mother $6,723, rather than $3,223, in retroactive child support for that period.
The father’s remaining contentions are without merit or are not properly before this Court. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.