*710 In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from (1) so much of an order of the Family Court, Westchester County (Morales-Horowitz, J.), entered September 11, 2012, as granted that branch of the mother’s motion which was for an award of attorney’s fees and expenses pursuant to 22 NYCRR 130-1.1 in the sum of $1,687.50, and (2) so much of an order of the same court entered December 24, 2012, as granted the mother’s petition to modify a prior order of custody so as to award the mother sole legal and residential custody of the subject child.
Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.
The parties were divorced in Florida in 2008 and a parenting plan with regard to the parties’ child, who was born in 2004, was issued by a Florida court in 2009, while the parties both resided in Florida. In November 2010, the Florida court granted the father’s petition to relocate to New York with the child, and a time-sharing schedule was incorporated into the order. The mother thereafter moved to California. In March 2012, the mother filed a petition in the Family Court, Westchester County, seeking, inter alia, modification of the parenting plan and order issued by the Florida court. The Family Court granted the mother’s petition, and awarded the mother sole legal and residential custody of the child. The court also granted that branch of the mother’s motion which was for an award of attorney’s fees and expenses pursuant to 22 NYCRR 130-1.1
“ ‘Since any custody determination depends to a great extent upon the hearing court’s assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record’ ” (Matter of O’Loughlin v Sweetland, 98 AD3d 983, 984 [2012], quoting Matter of Skeete v Hamilton, 78 AD3d 1187, 1188 [2010]).
Generally, to modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (see Matter of O’Loughlin v Sweetland, 98 AD3d at 983; Matter of Sparacio v Fitzgerald, 73 AD3d 790 [2010]; Matter of Russell v Russell, 72 AD3d 973, 974 [2010]; Trinagel v Boyar, 70 AD3d 816 [2010]). Here, the Family Court’s determination that there had been a change of circumstances sufficient to warrant a change of custody, based on evidence that the father interfered with the relationship between the mother and child by, inter alia, failing to comply with the visitation and communication *711 provisions of the prior court orders, was supported by a sound and substantial basis in the record (see Matter of Griffin v Nikiea Moore-James, 104 AD3d 685, 686 [2013]; Matter of Cadet v Lamour, 86 AD3d 538, 539 [2011]; Matter of Caravella v Toale, 78 AD3d 828 [2010]; Matter of McClurkin v Bailey, 78 AD3d 707, 707-708 [2010]).
The Family Court providently exercised its discretion in denying the father’s application for a forensic evaluation (see Matter of Solovay v Solovay, 94 AD3d 898, 900 [2012]; Matter of Rhodie v Nathan, 67 AD3d 687 [2009]). Moreover, the court did not err in disallowing, on hearsay grounds, the father’s testimony regarding certain statements made by the child (cf. Family Ct Act § 1046 [a] [vi]), and properly denied the father’s application to compel the testimony of the attorney for the child (see Matter of Rebecca B., 227 AD2d 315 [1996]; see also CPLR 3101 [c]; 4503). Any error by the court in precluding the testimony of a school psychologist proffered by the father was harmless (see CPLR 2002; Geary v Church of St. Thomas Aquinas, 98 AD3d 646, 647 [2012]; Rodriguez v New York City Tr. Auth., 81 AD3d 804, 804-805 [2011]; Sweeney v Peterson, 24 AD3d 984, 985 [2005]). Additionally, the father waived any objection to personal jurisdiction (see Matter of El-Sheemy v El-Sheemy, 35 AD3d 738, 739 [2006]; Matter of Borggreen v Borggreen, 13 AD3d 756, 757 [2004]; Matter of Fallon v Fallon, 4 AD3d 426, 427 [2004]).
Moreover, the Family Court providently exercised its discretion in awarding the mother an attorney’s fee in the sum of $1,687.50 as a sanction pursuant to 22 NYCRR 130-1.1 (see Degtiarev v Delecia-Kenny, 105 AD3d 691, 692 [2013], lv denied 21 NY3d 859 [2013]; Matter of Parkside Ltd. Liab. Co., 294 AD2d 582, 584 [2002]; Matter of De Ruzzio v De Ruzzio, 287 AD2d 896 [2001]).
The father’s remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Cohen, JJ., concur.