■ In the Matter of ANITA SALMELA, Respondent, v MICHAEL GOODWIN, Appellant. (Proceeding Nos. 1 and 2.) In the Matter of MICHAEL GOODWIN, Appellant, v ANITA H. SALMELA, Respondent. (Proceeding No. 3.) [974 NYS2d 275]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Dutchess County (Guzman, Ct. Atty. Ref.), dated May 7, 2012, as, after a hearing, in effect, granted the children's application to modify a prior order of custody of the same court (Forman, J.), dated September 23, 2009, so as to vacate so much of that order as directed the parents to "offer the children to the other parent" for visitation in the event that they were "unavailable for when they have the children in their care."

Ordered that the order dated May 7, 2012, is affirmed insofar as appealed from, without costs or disbursements.

Generally, to modify an existing court-approved custody arrangement, there must be a showing of a change in circumstances such that modification is required in the best interests of the children (see Matter of Ellis v Burke, 108 AD3d 764 [2013]; Matter of Gonnard v Guido, 108 AD3d 709 [2013]). "[I]nasmuch as custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination should be disturbed only if it lacks a sound and substantial basis in the record" (Matter of Bacchi v Clancy, 101 AD3d 993, 993 [2012]; see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]).

Here, the Family Court's determination that there had been a sufficient change in circumstances to warrant modification of the prior order of custody dated September 23, 2009, to the extent of vacating so much of that order as directed the parents to "offer the children to the other parent" for visitation in the event that they were "unavailable for when they have the children in their care," was supported by a sound and substantial basis in the record. The evidence in the record demonstrates that the provision caused acrimony between the parents (see Matter of Grunwald v Grunwald, 108 AD3d 537, 539-540 [2013]) and, thus, was not in the best interests of the children.

The father's remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.