■ In the Matter of STEPHEN T. CARLEO, Appellant, v JENNIFER PLUCHINOTTA, Respondent. (Proceeding No. 1.) In the Matter of JENNIFER PLUCHINOTTA, Respondent, v STEPHEN CARLEO, Appellant. (Proceeding No. 2.) [30 NYS3d 194]—

Appeal from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated February 11, 2015. The order, after a hearing, inter alia, in effect, granted the mother's petition for sole custody of the subject child and denied the father's petition for sole custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

The mother and the father each filed petitions for sole custody of their child. The Family Court, after a hearing, awarded the mother sole legal and residential custody of the child. The father appeals.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining an initial petition for custody, the totality of the circumstances includes, but is not limited to, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]). "Since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence" (*Matter of Chabotte v Faella*, 77 AD3d 749, 749-750 [2010] [internal quotation marks omitted]; *see Matter of Diaz v Diaz*, 97 AD3d 747, 747 [2012]; *Trinagel v Boyar*, 70 AD3d 816, 816 [2010]).

Although various considerations in this case may have supported an award of custody to either parent, the Family Court

properly gave great weight to the evidence that the father, assisted by the paternal grandmother, engaged in a concerted effort to interfere with, and undermine, the child's relationship with the mother. As the Family Court pointed out, a custodial parent's interference with a child's relationship with the noncustodial parent is "so inconsistent with the best interests of the child as to per se raise a strong probability that the offending party is unfit to act as custodial parent" (*Matter of Chebuske v Burnhard-Vogt*, 284 AD2d 456, 458 [2001]; *see Matter of Diaz v Diaz*, 97 AD3d at 747; *Matter of Miosky v Miosky*, 33 AD3d 1163, 1167 [2006]; *Vernon v Vernon*, 296 AD2d 186, 192 [2002], *affd* 100 NY2d 960 [2003]; *Matter of Glenn v Glenn*, 262 AD2d 885, 887 [1999]; *Daghir v Daghir*, 82 AD2d 191, 194 [1981], *affd* 56 NY2d 938 [1982]; *Chirumbolo v Chirumbolo*, 75 AD2d 992, 993 [1980]; *Entwistle v Entwistle*, 61 AD2d 380, 384-385 [1978]). Here, the evidence established that the father has been unable to appreciate that his child would be best served by having a strong relationship with both parents (*see Daghir v Daghir*, 82 AD2d at 194). Inasmuch as the record contains a sound and substantial basis for the Family Court's determination that the award of sole custody to the mother was in the best interests of the child (*see Matter of Rosado v Rosado*, 136 AD3d 927, 928 [2016]; *Matter of Miller v Osik*, 94 AD3d 1124, 1124 [2012]), we decline to disturb it. Balkin, J.P., Roman, Maltese and Connolly, JJ., concur.