Matter of Martinez v Gaddy (2024 NY Slip Op 00312)

Matter of Martinez v Gaddy

2024 NY Slip Op 00312

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2021-09333
 (Docket Nos. V-4415-17/19Z, V-12177-19/19B)

[*1]In the Matter of Carol Martinez, respondent,
v
Alfonso Gaddy, appellant. (Proceeding No. 1.)
In the Matter of Alfonso Gaddy, appellant,
v
Carol Martinez, respondent. (Proceeding No. 2.)

George E. Reed, Jr., White Plains, NY, for appellant.
Scott Stone, P.C., White Plains, NY, for respondent.
Gregory A. Salant, White Plains, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Wayne A. Humphrey, J.), dated December 6, 2021. The order, insofar as appealed from, after a hearing, denied the father's petition to modify an order of the same court (Nilda Morales-Horowitz, J.) entered April 30, 2018, so as to award him sole legal custody of the parties' child, and awarded the mother sole legal custody of the child.
ORDERED that the order dated December 6, 2021, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married to each other, are the parents of a child born in 2014. In an order entered April 30, 2018, issued upon the consent of the parties, the Family Court awarded them joint legal custody of the child, with residential custody to the mother and parental access to the father. In April 2019, the father filed a petition to modify the order entered April 30, 2018, so as to award him sole legal custody of the child. Shortly thereafter, the mother filed a petition to modify the order entered April 30, 2018, so as to reduce the father's parental access. At various conferences held thereafter, the father was represented by counsel. However, prior to a hearing on the parties' petitions, the court granted an application of the father's attorneys to withdraw as counsel. The father thereafter appeared pro se. While the hearing was ongoing, the parties agreed to a modified schedule of parental access, effectively resolving the mother's petition, but they did not reach consensus on the issue of legal custody. In an order dated December 6, 2021, the court, among other things, denied the father's petition and awarded the mother sole legal custody of the child. The father appeals.
"In order to modify an existing custody or parental access arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best [*2]interests of the child" (Matter of LaPera v Restivo, 202 AD3d 788, 789). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Cabano v Petrella, 169 AD3d 901, 902). "The required change in circumstances may be found to exist," among other circumstances, "where the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the children" (Matter of Liang v O'Brien, 216 AD3d 1101, 1101).
When deciding whether a modification is in a child's best interests, "[f]actors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Smith v Francis, 206 AD3d 914, 915-916 [internal quotation marks omitted]). "Stability and continuity in a child's life are important factors" (Matter of Olivieri v Olivieri, 170 AD3d 849, 850).
"Since the Family Court's determination with respect to custody and [parental access] depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Gangi v Sanfratello, 157 AD3d 677, 678). "To facilitate effective appellate review, however, the Family Court, which is the court best able to assess the credibility of the witnesses, must state in its decision the facts it deems essential to its determination" (Matter of Gray v Tyson, 205 AD3d 720, 721 [internal quotation marks omitted]). In other words, "[a]lthough the Family Court need not set forth evidentiary facts, it must state ultimate facts: that is, those facts upon which the rights and liabilities of the parties depend" (id. at 721 [internal quotation marks omitted]; see Matter of Georgiou-Ely v Ely, 194 AD3d 715, 716).
Here, the Family Court correctly concluded that the record demonstrated the existence of a change in circumstances warranting a change in legal custody. "Joint custody is encouraged as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion. However, joint custody is inappropriate where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child" (Goudreau v Corvi, 197 AD3d 463, 464 [citations and internal quotation marks omitted]). Here, the court properly concluded that joint legal custody was no longer in the best interests of the child in light of the parties' inability to effectively cooperate and communicate, and the father does not contend otherwise (see id. at 464; Matter of Liang v O'Brien, 216 AD3d at 1101; Matter of Shields v Shields, 192 AD3d 691, 692).
However, as the father correctly contends, the Family Court failed to state on the record the facts that it deemed essential to its determination to award sole legal custody of the child to the mother. Nonetheless, remittal is unnecessary "because this Court's authority is as broad as that of the hearing court and the record is sufficient to permit" an independent review of the evidence (Matter of Pierce v Caputo, 214 AD3d 877, 879 [internal quotation marks omitted]; see Matter of Gray v Tyson, 205 AD3d at 721-722; cf. Matter of Georgiou-Ely v Ely, 194 AD3d at 716).
Contrary to the father's contention, there is a sound and substantial basis in the record for the Family Court's determination to award sole legal custody to the mother. While the evidence adduced at the hearing revealed "that both parents love the child," it also indicated that "the mother was better suited to provide for the child's overall well-being" and that awarding her sole legal custody was therefore in the child's best interests (Matter of Banks v DeLeon, 174 AD3d 598, 600; see Matter of Patten v Patten, 206 AD3d 811, 812). The evidence established that the child suffered frequent absences from school while under the father's care (see Matter of Banks v DeLeon, 174 AD3d at 600; Matter of Cadet v Lamour, 86 AD3d 538, 539). The father also made important decisions relating to the child's dental care without consulting with or even informing the mother, and relocated without telling the mother (see Matter of Freeborn v Elco, 188 AD3d 677, 679; Matter of Brown v Brown, 97 AD3d 568, 570-571; Matter of Cadet v Lamour, 86 AD3d at 539). Moreover, [*3]the record indicates that the child had relationships with the mother's other children, his half-siblings (see Matter of Shields v Shields, 192 AD3d at 693; Matter of Brown v Brown, 97 AD3d at 570-571). And the mother, as the child's primary caretaker, had "more involvement with the child['s] needs on a day to day basis" (Matter of Moore v Gonzalez, 134 AD3d 718, 720; see Matter of Olivieri v Olivieri, 170 AD3d at 850-851; Matter of Ceballos v Leon, 134 AD3d 931, 932).
The father's contentions relating to certain adverse evidentiary rulings rendered by the Family Court at the hearing are without merit. "[A]lthough courts will routinely afford pro se litigants . . . some latitude, a litigant's decision to proceed without counsel does not confer any greater rights than those afforded to other litigants, nor may a pro se appearance serve to deprive parties in opposition of their right to a fair trial" (Mirzoeff v Nagar, 52 AD3d 789, 789). "Contrary to the [father's] contention, h[is] decision to proceed pro se had no effect on h[is] burden to present legally competent evidence" or to comply with the court's part rules (Benedetto v Tannenbaum, 186 AD3d 1596, 1598 [internal quotation marks omitted]). In any event, the father has failed to assert, let alone establish, that any alleged error by the court with regard to one or more of the challenged rulings "had a substantial influence on the result" (Dyszkiewicz v City of New York, 218 AD3d 546, 551; see Matter of Berk, 209 AD3d 1014, 1017).
The father's remaining contention is without merit.
CONNOLLY, J.P., WOOTEN, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court