*904 The parties, who never married or resided together, are the parents of one child born on September 27, 2000. On June 22, 2005, the parties consented to an order of joint custody, with residential custody to the father during school months and to the mother during non-school months. The mother had relocated from New York to Florida at the time that order was entered. In August 2006, the mother filed a petition to modify the order dated June 22, 2005. After a hearing, the Family Court denied that petition. In September 2009, the mother again filed a petition to modify the order dated June 22, 2005, alleging, inter alia, as a change of circumstances, that she should have custody of the child during school months because his academic performance had deteriorated while in the father’s custody, and that she was better able to address the child’s special education needs. In an order dated October 11, 2011, the Family Court denied the mother’s petition, after a hearing. The mother appeals from that order, and we affirm
“ ‘A modification of an existing custody arrangement should be allowed only upon a showing of a sufficient change in circumstances demonstrating a real need for a change of custody in order to insure the child’s best interests’ ” (Sano v Sano, 98 AD3d 659, 659 [2012], quoting Matter of Nava v Kinsler, 85 AD3d 1186, 1186 [2011]). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]).
While the authority of the Appellate Division in custody matters is as broad as that of the hearing court, deference should be accorded to the credibility determinations of the hearing court, which saw and heard the witnesses, and the hearing court’s custody determination should not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Nava v Kinsler, 85 AD3d at 1186-1187; Matter of Adams v Perryman, 68 AD3d 860, 861 [2009]).
Here, the Family Court’s determination that the mother failed to satisfy her burden of demonstrating a change of circumstances warranting a change of custody in the child’s best interests is supported by a sound and substantial basis in the record (see Matter of Nava v Kinsler, 85 AD3d at 1187; Trinagel v Boyar, 70 AD3d 816 [2010]).
The mother’s remaining contentions are without merit.
Accordingly, the Family Court properly denied the mother’s petition to modify the order dated June 22, 2005. Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.