■ In the Matter of BRANKO VUJANIC, Appellant, v IVANA PETROVIC, Respondent. [1 NYS3d 865]—

Appeal from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), entered December 20, 2013. The order, insofar as appealed from, after a hearing, denied the father's petition to modify an order of custody so as to award him sole custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, with costs.

To warrant modification of an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (*see* Family Ct Act § 652 [a]; *Matter of Hixenbaugh v Hixenbaugh*, 111 AD3d 636, 637 [2013]; *Matter of Thomson v Battle*, 99 AD3d 804, 806 [2012]; *Matter of Davis v Pignataro*, 97 AD3d 677, 677 [2012]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]; *Matter of Hixenbaugh v Hixenbaugh*, 111 AD3d at 637; *Matter of Davis v Pignataro*, 97 AD3d at 677). "Since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record" (*Trinagel v Boyar*, 70 AD3d 816, 816 [2010]; *see Matter of Davis v Pignataro*, 97 AD3d at 677-678).

Here, the Family Court's determination that the father failed to show that there was a change of circumstances warranting a modification in custody in the child's best interests is supported by a sound and substantial basis in the record. Thus, the court's determination will not be disturbed. Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.