■ In the Matter of Dennis DeMille, Jr., Appellant, v Irene Pizzo, Respondent. [12 NYS3d 185]—Appeal from an order of the Family Court, Suffolk County (Loguercio, J.), dated April 9, 2014. The order, insofar as appealed from, after a hearing, denied the father's petition to modify the custody provisions of a stipulation of settlement dated May 15, 2008, which was incorporated but not merged into the parties' judgment of divorce dated August 5, 2008, so as to award him sole legal and physical custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Modification of an existing custody or visitation order is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (see Matter of Valencia v Ripley, 128 AD3d 711 [2015]; Matter of Cannella v Anthony, 127 AD3d 745 [2015]). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Skeete v Hamilton, 78 AD3d 1187, 1188 [2010]). " 'Since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record' " (Matter of Hixenbaugh v Hixenbaugh, 111 AD3d 636, 637 [2013], quoting Matter of Davis v Pignataro, 97 AD3d 677, 677-678 [2012]).

Here, contrary to the father's contention, the Family Court's determination that he failed to show that there was a change of circumstances warranting a modification of custody in the subject child's best interests is supported by a sound and substantial basis in the record (see Matter of Vujanic v Petrovic, 125 AD3d 984, 985 [2015]; Matter of Kimberly A.H. v Perez, 99 AD3d 903, 904 [2012]). Accordingly, the court's determination will not be disturbed.

The father's remaining contention is without merit. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.