■ In the Matter of JAMES R. OAKLEY, Appellant, v LUANAJO COND-ARNOLD, Respondent. [15 NYS3d 57]—Appeal from an or-

der of the Family Court, Putnam County (James F. Reitz, J.), entered July 7, 2014. The order dismissed the father's petition to modify the custody and visitation provisions set forth in a prior order of that court (James F. Rooney, J.), dated March 15, 2010, so as to award him residential custody of the child, and dismissed the father's petition, which alleged that the mother violated certain provisions of the order dated March 15, 2010.

Ordered that the order is affirmed, without costs or disbursements.

On consent of the parties, an order dated March 15, 2010, modified a prior order of custody and visitation. The March 15, 2010, order, inter alia, awarded joint legal custody of the parties' child, with residential custody to the mother and visitation to father. Thereafter, the father filed a petition for modification of the order dated March 15, 2010, so as to award him residential custody, and also filed a petition alleging that the mother violated the terms of the order. The Family Court conducted a hearing, and at the close of the father's case, dismissed the petitions. On a prior appeal, this Court reversed the determination of the Family Court, reinstated the petitions, and remitted the matter to the Family Court (see Matter of James R.O. v Cond-Arnold, 99 AD3d 801 [2012]). Upon remittal, the Family Court conducted a full hearing and dismissed the father's petitions.

To modify an existing custody order, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775 [2009]). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Wakefield v Wakefield, 74 AD3d 1213 [2010]; Matter of Ross v Ross, 68 AD3d 878 [2009]).

Factors to be considered in determining whether the best interests of a child require a change in custody include any prior agreement between the parties, the quality of the home environment and the parental guidance the custodial parent provides, the ability of each parent to provide for the child's emotional and intellectual development, the child's expressed preference, and the child's interests in living with his or her siblings (see Eschbach v Eschbach, 56 NY2d at 171-173). Moreover, if there has been domestic violence, the court must consider the effects of such violence upon the child (see Matter of Andrews v Mouzon, 80 AD3d 761, 762 [2011]; Matter of Julie v Wills, 73 AD3d 777 [2010]). Additionally, in making a custody determination, the court may consider the recommendation of

a court-appointed expert, and the position of the attorney for the child (*see Matter of Andrews v Mouzon,* 80 AD3d at 762).

Since any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be set aside unless they lack a sound and substantial basis in the record (*see Matter of Guiracocha v Amaro,* 122 AD3d 632, 633 [2014]; *Matter of Andrews v Mouzon,* 80 AD3d at 763; *Trinagel v Boyar,* 70 AD3d 816 [2010]; *see also Eschbach v Eschbach,* 56 NY2d at 173).

Here, the Family Court's determination that the father failed to establish a change in circumstances such that modification was required to protect the best interests of the child is supported by a sound and substantial basis in the record, and we decline to disturb it (*see Matter of Vujanic v Petrovic,* 125 AD3d 984, 985 [2015]; *Matter of Morocho v Jordan,* 123 AD3d 1037, 1038 [2014]; *McCance v DeWitt,* 118 AD3d 759, 760 [2014]).

The father's remaining contentions are without merit. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.