■ In the Matter of KATHERINE LAMARCHE, Petitioner, v SHAUNE DAVID ROOKS, Respondent. BRIANNA R., Nonparty Appellant. [36 NYS3d 891]—

Appeal by the child from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated September 21, 2015. The order, after a hearing, in effect, denied the mother's petition to modify a prior order of the Family Court, Suffolk County (Matthew M. Deedy, Ct. Atty. Ref.), dated June 23, 3014, so as to award her physical custody of the parties' child.

Ordered that the order dated September 21, 2015, is affirmed, without costs or disbursements.

The parties are the parents of a daughter born in August 2004. In an order dated June 23, 2014, the Family Court, Suffolk County, awarded joint legal custody of the child to the parties, with residential custody to the father. In March 2015, the mother filed a petition in the Family Court, Orange County, to modify the order dated June 23, 2014, so as to award her physical custody of the child. In an order dated September 21, 2015, the Family Court, Orange County, after a fact-finding hearing and an in-camera interview with the child, in effect, denied the mother's petition on the ground that she failed to establish a change in circumstances. The child appeals. We affirm.

"Modification of an existing custody or visitation order is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of DeMille v Pizzo*, 129 AD3d 957, 957 [2015]; *see Matter of Valencia v Ripley*, 128 AD3d 711 [2015]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Since the Family Court's determination with respect to custody and visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Hargrove v Langenau*, 138 AD3d 846, 847 [2016]; *see Matter of Saldana v Lopresti*, 133 AD3d 669, 670 [2015]; *Matter of Mack v Kass*, 115 AD3d 748, 749 [2014]).

Here, contrary to the contention of the attorney for the child, the Family Court's determination that the mother failed to show that there was a change in circumstances warranting a modification of custody in the subject child's best interests is supported by a sound and substantial basis in the record (*see Matter of Saldana v Lopresti*, 133 AD3d at 670; *Matter of Oakley v Cond-Arnold*, 130 AD3d 737, 739 [2015]; *Matter of DeMille v Pizzo*, 129 AD3d 957 [2015]). Accordingly, the court's determination will not be disturbed. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.