Matter of Dokmeci v Herbert (2018 NY Slip Op 08647)





Matter of Dokmeci v Herbert


2018 NY Slip Op 08647


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-10346
 (Docket No. V-9205-16/16A)

[*1]In the Matter of Sinem Dokmeci, appellant,
v
Joseph Herbert, respondent.


Morningside Heights Legal Services, Inc., New York, NY (Philip M. Genty of counsel), for appellant.
Ngozi Rosaline Asonye, Freeport, NY, for respondent.
Amy L. Colvin, Huntington, NY, attorney for the child.



DECISION & ORDER
In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated August 31, 2017. The order, after a hearing, dismissed the mother's petition to modify a prior order of custody and parental access dated May 7, 2015.
ORDERED that the order dated August 31, 2017, is affirmed, without costs or disbursements.
"In order to modify an existing custody or [parental access] arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Peralta v Irrizary, 76 AD3d 561, 562 [citation and internal quotation marks omitted]; see Matter of Lamarche v Rooks, 142 AD3d 707; Matter of Oakley v Cond-Arnold, 130 AD3d 737; Matter of Leichter-Kessler v Kessler, 71 AD3d 1148, 1148-1149; Matter of Arduino v Ayuso, 70 AD3d 682, 682). The best interests of the child are determined by an examination of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172; Friederwitzer v Friederwitzer, 55 NY2d 89; Matter of Peralta v Irrizary, 76 AD3d 561; Matter of Arduino v Ayuso, 70 AD3d 682). The factors to be considered include "whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Connolly v Walsh, 126 AD3d 691, 693; see Matter of Zall v Theiss, 144 AD3d 831). In addition to these factors, the court must also " consider the stability and continuity afforded by maintaining the present arrangement'" (Matter of McDonough v McDonough, 73 AD3d 1067, 1068, quoting Matter of Lightbody v Lightbody, 42 AD3d 537, 537-538; see Matter of DeVita v DeVita, 143 AD3d 981, 982; Angelova v Ruchinsky, 126 AD3d 828, 829).
Since any custody determination necessarily depends to a great extent upon an [*2]assessment of the character and credibility of the parties and witnesses, deference is accorded the hearing court's findings in this regard, and its findings will not be disturbed unless lacking a sound and substantial basis in the record (see Matter of Estrada v Palacios, 148 AD3d 804; Matter of Lamarche v Rooks, 142 AD3d 707; Matter of Jones v Leppert, 75 AD3d 552; Cuccurullo v Cuccurullo, 21 AD3d 983, 984).
Here, the Family Court's determination that the mother failed to show that there was a change of circumstances warranting a modification of custody in the child's best interests is supported by a sound and substantial basis in the record (see Matter of Lamarche v Rooks, 142 AD3d 707; Matter of Oakley v Cond-Arnold, 130 AD3d 737; Matter of Demille v Pizzo, 129 AD3d 957).
Accordingly, the court's determination will not be disturbed.
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court