Matter of Legall v Belle (2020 NY Slip Op 01168)





Matter of Legall v Belle


2020 NY Slip Op 01168


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-01235
2019-01236
 (Docket Nos. V-1893-08/16F, V-1893-08/16G)

[*1]In the Matter of AnnMarie Legall, appellant,
v
Shaun Belle, respondent, (Proceeding No. 1.)
In the Matter of Shaun Belle, respondent,
v
AnnMarie Legall, appellant. (Proceeding No. 2.)


Cheryl Gammone, Staten Island, NY, for appellant.
Jacqueline Cabrera, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Queens County (Marilyn L. Zarrello, Ct. Atty. Ref.), dated December 18, 2018, and (2) an order of dismissal of the same court, also dated December 18, 2018. The order, insofar as appealed from, after a hearing, in effect, denied the mother's petition to modify the parental access provisions of a custody and parental access order of the same court dated March 2, 2012, so as to suspend the father's parental access. The order of dismissal, after a hearing, dismissed the mother's petition.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order of dismissal is affirmed, without costs or disbursements.
The mother and the father have one child together. Pursuant to an order dated February 27, 2009, which was modified on March 2, 2012, the Family Court awarded the parties, on consent, joint legal custody of the subject child, with physical custody to the mother, and directed that the father would have parental access.
On or about August 25, 2016, the mother filed a petition seeking, inter alia, to suspend the father's parental access on the basis that the father, and the subject child's stepmother, were emotionally abusive toward the subject child. Following a fact-finding hearing, the Family Court denied the mother's petition, having concluded that the mother's evidence did not demonstrate a change in circumstances meriting a suspension of the father's parental access with the child. The mother appeals.
"Modification of an existing custody or [parental access] order is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (Matter of Lamarche v Rooks, 142 AD3d 707, 708 [internal quotation marks omitted]; see Matter of Newton v McFarlane, 174 AD3d 67, 76; Matter of Dokmeci v Herbert, 167 AD3d 877, 878). The best interests of the child are determined by an examination of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Lamarche v Rooks, 142 AD3d at 708 ). The factors to be considered include "whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Dokmeci v Herbert, 167 AD3d at 878 [internal quotation marks omitted]). In addition to these factors, the court must also "consider the stability and continuity afforded by maintaining the present arrangement" (id. [internal quotation marks omitted]).
Since any custody or parental access determination depends to a great extent upon the hearing court's "assessment of the credibility of the witnesses and the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Lamarche v Rooks, 142 AD3d at 708 [internal quotation marks omitted]; see Cashel v Cashel, 46 AD3d 501).
Contrary to the mother's contention, and the contention of the attorney for the child, the Family Court's determination that the mother failed to show that there was a change in circumstances warranting a modification of the father's parental access is supported by a sound and substantial basis in the record (see Matter of Dokmeci v Herbert, 167 AD3d at 878; Matter of Lamarche v Rooks, 142 AD3d at 708).
The mother's remaining contentions are unpreserved for appellate review or without merit.
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court