Matter of Miller v Thompson (2020 NY Slip Op 03230)





Matter of Miller v Thompson


2020 NY Slip Op 03230


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-10084
 (Docket No. V-834-12/19C)

[*1]In the Matter of Michael Miller, appellant,
v
Ashley Thompson, respondent.


Paul W. Matthews, New York, NY, for appellant.
Janis A. Parazzelli, Floral Park, NY, for respondent.
Carol L. Kahn, New York, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated August 14, 2019. The order, after a hearing, in effect, denied the father's petition to modify a prior order of custody and parental access of the same court (Arnold Lim, J.) dated September 11, 2014, so as to preclude the mother from enrolling the subject child at a charter school located in Manhattan and to direct that the child remain in school in Staten Island, and modified the parental access provision of that prior order so as to direct that the father's parental access schedule with the child would be from Sunday morning to Monday morning or evening, as circumstances provided.
ORDERED that the order dated August 14, 2019, is modified, on the law and the facts, by deleting the provision thereof directing that the father's parental access schedule with the child would be from Sunday morning to Monday morning or evening, as circumstances provided; as so modified, the order dated August 14, 2019, is affirmed, without costs or disbursements.
The parties are the parents of one child born in 2008. In an order dated September 11, 2014 (hereinafter the prior order), the Family Court awarded the parties joint legal custody of the child with final decision-making authority to the mother, and, in effect, awarded physical custody to the mother with "liberal [parental access]" to the father, "as the parties agree." In June 2019, the father filed a petition to modify the decision-making provision of the prior order so as to preclude the mother from enrolling the child at a charter school located in Manhattan and to direct that the child remain in school in Staten Island. After a hearing, in an order dated August 14, 2019, the Family Court, in effect, denied the father's petition and modified the parental access provision of the prior order so as to direct that the father's parental access schedule with the child would be from Sunday morning to Monday morning or evening, as circumstances provided. The father appeals.
We agree with the father that the Family Court should have issued either a written decision or an oral decision setting forth its findings of fact, and the court did not state the facts it deemed essential to its determination in the order on appeal. However, remittal is not necessary since the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Newton v McFarlane, 174 AD3d 67, 80).
"Modification of an existing court-sanctioned custody or [parental access] arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (Matter of O'Shea v Parker, 116 AD3d 1051, 1051; see Matter of Newton v McFarlane, 174 AD3d at 76; Matter of Spencer v Killoran, 147 AD3d 862, 863). Here, the father failed to make a showing that there had been a change in circumstances such that modification of the prior order was necessary to ensure the child's best interests. To the contrary, the father acknowledged that the proposed enrollment at the school in Manhattan would be academically beneficial to the child, who then lived in Brooklyn, even though it would increase the father's travel time from Staten Island on the days on which he picked the child up from school. Accordingly, we agree with the Family Court's determination, in effect, to deny his petition (see Matter of Legall v Belle, 180 AD3d 910, 912; Matter of Dokmeci v Herbert, 167 AD3d 877, 878; Matter of Lamarche v Rooks, 142 AD3d 707, 708).
We agree with the father, however, that the Family Court should not have modified the parental access provision of the prior order so as to direct that the father's parental access schedule with the child would be from Sunday morning to Monday morning or evening, as circumstances provided. None of the parties requested this relief, and the record established that there was no disagreement between the parties regarding the parental access schedule and the parties had been cooperating with regard to same, the father regularly saw the child multiple times per week, and there was no indication that the child's best interests would be served by the parental access schedule set forth by the court (see generally Matter of Samuel v Sowers, 162 AD3d 674, 675; Matter of Grant v Terry, 104 AD3d 854).
The father's remaining contentions are without merit.
BALKIN, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court