Matter of Quattrochi v Negri (2020 NY Slip Op 05759)





Matter of Quattrochi v Negri


2020 NY Slip Op 05759


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2019-05229
 (Docket Nos. O-821-18, V-2100-10/18M, V-2100-10/18N, V-2100-10/18O, V-2100-10/18P, V-2100-10/18R)

[*1]In the Matter of Lisa M. Quattrochi, appellant,
v
Robert J. Negri, respondent. (Proceeding No. 1.)
In the Matter of Robert J. Negri, respondent,
v
Lisa M. Quattrochi, appellant. (Proceeding No. 2.)


Gary E. Eisenberg, New City, NY, for appellant.
The Law Office of Joseph F. Buono PLLC, Fishkill, NY, for respondent.
Karen M. Jansen, White Plains, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated April 2, 2019. The order, insofar as appealed from, after a hearing, granted the father's petition to modify an order of custody and parental access dated March 30, 2011, to the extent of directing that the mother's parental access schedule with the child would be from Mondays after school until Wednesdays at the start of school and on alternating weekends, and, in effect, denied the mother's family offense petition and violation petitions and dismissed those proceedings.
ORDERED that the order dated April 2, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child, born in 2009. In an order dated March 30, 2011, the Family Court, inter alia, awarded the parties joint legal and physical custody of the child. Two years later, in an order dated July 24, 2013, the court modified the March 30, 2011 order by awarding "primary custody" of the child to the mother. In an order dated January 5, 2017, the court, among other things, directed that the father pay the enrollment/registration fees for the child's sports by tendering payment directly to the administrator of those activities, upon advance notice from the mother.
In January 2018, the mother filed violation petitions against the father alleging, inter alia, that the father violated prior orders by failing to ensure that the child completed his homework during the father's parental access, and by refusing to pay fees associated with the child's enrollment in sports activities. In February 2018, the mother filed a family offense petition against the father [*2]alleging, among other things, that he committed the family offenses of harassment in the second degree and attempted assault in the third degree. Thereafter, the father filed a modification petition alleging, inter alia, that the mother was interfering with the exercise of his parental rights. In an order dated April 2, 2019, the Family Court, after a hearing, among other things, granted the father's petition to the extent of directing that the mother's parental access schedule with the child would be from Mondays after school until Wednesdays at the start of school and on alternating weekends, and, in effect, denied the mother's family offense petition and violation petitions and dismissed those proceedings. The mother appeals.
"To establish a willful violation of a Family Court order, the petitioner has the burden of proving his or her case by clear and convincing evidence" (Matter of Palazzolo v Giresi-Palazzolo, 138 AD3d 866, 867). Here, we agree with the Family Court's determination that the mother failed to demonstrate that the father willfully violated an order, and thus, we agree with the court's determination, in effect, denying the mother's violation petitions and dismissing those proceedings (see Matter of Lupo v Rainsford, 162 AD3d 1032, 1033).
"'An existing court-ordered [parental access] arrangement may be modified only upon a showing that there has been a subsequent change of circumstances and modification is required'" (Matter of Follini v Currie, 176 AD3d 1203, 1206, quoting Matter of Mendez v Limas, 160 AD3d 866, 867). The paramount concern in a parental access determination is the best interests of the child, under the totality of the circumstances (see Matter of Follini v Currie, 176 AD3d at 1206). Since the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, great deference is accorded to the hearing court's findings, which should not be set aside unless they lack a sound and substantial basis in the record (see Matter of Legall v Belle, 180 AD3d 910, 912). Here, the record supports the Family Court's determination that the father demonstrated a change of circumstances since the original parental access schedule based upon, inter alia, the mother's interference with the father's parental access.
Furthermore, we agree with the Family Court's determination, in effect, denying the mother's family offense petition and dismissing the proceeding. "In a family offense proceeding, the petitioner has the burden of establishing the family offense by a fair preponderance of the evidence" (Matter of Mohammed v Mohammed, 174 AD3d 615, 615; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Mohammed v Mohammed, 174 AD3d at 615; Matter of McGregor v Ferguson, 167 AD3d 897, 897 [internal quotation marks omitted]). "Where, as here, the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d at 615). Here, the court's determination that the mother failed to establish that a family offense was committed against her was based on its credibility assessments and is supported by the record (see Matter of Lopez de Salmon v Salmon, 150 AD3d 1121, 1122).
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court