Matter of Swan v Morris (2025 NY Slip Op 00967)

Matter of Swan v Morris

2025 NY Slip Op 00967

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-06543
 (Docket Nos. V-3574-22/22A, V-3574-22/22B)

[*1]In the Matter of Shanique Swan, appellant,
v
Edworth Morris, Sr., respondent.

Carol L. Kahn, New York, NY, for appellant.
Kelley M. Enderley, Poughkeepsie, NY, for respondent.
Kent A. Pritchard, Jr., Poughkeepsie, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated June 30, 2023. The order, after a hearing, denied the mother's petition to modify a prior order of the Family Court, Bronx County (Juanita E. Wing, J.), dated September 9, 2015, so as to award her sole legal and residential custody of the subject child and denied the mother's separate petition to enforce the parental access provisions of the order dated September 9, 2015.
ORDERED that the order dated June 30, 2023, is affirmed, without costs or disbursements.
The parties are the parents of the subject child, born in 2012. Pursuant to an order dated December 6, 2013 (hereinafter the 2013 order), the father was awarded sole legal and physical custody of the child, subject to the mother's liberal parental access with the child as the parties mutually agree. A subsequent order dated September 9, 2015 (hereinafter the 2015 order), further provided, inter alia, that the mother shall have liberal phone access with the child and liberal parental access. The mother moved to Washington, D.C., in 2020, and the child remained in the care of the father in New York.
In 2022, the mother filed a petition to modify the 2015 order so as to award her sole legal and residential custody of the child in Washington D.C. She also filed a petition to enforce the parental access provisions of the 2015 order. After a hearing, in an order dated June 30, 2023 (hereinafter the 2023 order), the Family Court denied the mother's petitions, determining that the controlling order was the 2013 order, that the mother failed to establish that there had been a change in circumstances since the entry of that order, and that she failed to demonstrate by clear and convincing evidence that the father violated the 2013 order. The 2023 order did not amend the prior orders. The mother appeals from the 2023 order.
"'A party seeking modification of an existing custody arrangement must show the existence of such a change in circumstances that modification is required to ensure the continued best interests of the child'" (Matter of Connell-Charleus v Charleus, 192 AD3d 890, 891, quoting [*2]Matter of Sidorowicz v Sidorowicz, 101 AD3d 737, 738). "The best interests of the child must be determined by a review of the totality of the circumstances" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1167; see Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96). "The factors to be considered include 'whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Dokmeci v Herbert, 167 AD3d 877, 878, quoting Matter of Conolly v Walsh, 126 AD3d 691, 693). "The court must also consider the stability and continuity afforded by maintaining the present arrangement" (Matter of Shisgal v Abels, 179 AD3d 1070, 1071 [alteration and internal quotation marks omitted]). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Daclin-Goyatton v Cousins, 225 AD3d 694, 695).
Contrary to the mother's contention, the Family Court's determination that she failed to show that there had been a change in circumstances such that modification of the custody arrangement was necessary to ensure the child's best interests is supported by a sound and substantial basis in the record (see generally Matter of Legall v Belle, 180 AD3d 910, 912). Further, the mother failed to show by clear and convincing evidence that the father violated the 2013 order (see generally El-Dehdan v El-Dehdan, 114 AD3d 4, 16, affd 26 NY3d 19).
Although, as a general rule, determinations regarding custody and related matters should be made after a full evidentiary hearing (see e.g. Matter of Brooks v Brooks, 255 AD2d 382, 383), here, the mother consented to the Family Court conducting only a "mini-trial," thus waiving her right to a full evidentiary hearing (see Matter of James M. v Kevin M., 99 AD3d 911, 913).
The attorney for the child failed to demonstrate that the record before us is no longer sufficient for determining the best interests of the child (see Matter of Michael B., 80 NY2d 299, 318).
The mother's remaining contentions are without merit.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court