Matter of Pope v Pope (2025 NY Slip Op 06613)

Matter of Pope v Pope

2025 NY Slip Op 06613

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2022-09353
2023-00774
2023-03481
2023-03485
2023-03771
 (Docket Nos. O-8210-20/21A, O-8210-20/22B, V-8211-20/20A, V-8211-20/22B, V-8212-20/22B, V-8223-20/20A, V-8223-20/22B, V-8224-20/20A, V-8224-20/22B)

[*1]In the Matter of Kimberly Pope, appellant,
v
Antoine Pope, respondent.

Christine Theodore, Spring Valley, NY, for appellant.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from (1) an order of dismissal of the Family Court, Kings County (Judith D. Waksberg, J.), dated October 25, 2022, (2) an order of dismissal of the same court dated December 23, 2022, (3) an order of fact-finding and disposition of the same court dated March 27, 2023, (4) an order of protection of the same court also dated March 27, 2023, and (5) an order of dismissal of the same court also dated March 27, 2023. The order of dismissal dated October 25, 2022, dismissed the mother's petition alleging that the father violated an order of protection dated May 10, 2021. The order of dismissal dated December 23, 2022, insofar as appealed from, dismissed the mother's petition alleging that the father violated an order of visitation dated July 9, 2020, and the mother's petition alleging that the father violated an order dated May 11, 2021, granting the mother decision-making authority for the parties' children's medical needs. The order of fact-finding and disposition, insofar as appealed from, after a hearing, and upon a finding that the father committed certain family offenses, granted the petition only to the extent of directing the father to comply with the terms set forth in the order of protection dated March 27, 2023, for a period of six months. The order of protection dated March 27, 2023, insofar as appealed from, is in favor of the mother and against the father only until and including September 26, 2023. The order of dismissal dated March 27, 2023, dismissed the mother's petition alleging that the father violated an order of protection dated January 3, 2022.
ORDERED that the appeal from the order of dismissal dated December 23, 2022, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of dismissal dated October 25, 2022, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order of protection dated March 27, 2023, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order of dismissal dated March 27, 2023, is affirmed, without costs or disbursements.
The parties are the parents of twins born in December 2004. Under the circumstances, the appeal from so much of the order of dismissal dated December 23, 2022, as dismissed the mother's petitions alleging that the father violated an order of visitation dated July 9, 2020, and an order dated May 11, 2021, granting the mother decision-making authority for the children's medical needs, respectively, must be dismissed as academic, as the children have reached the age of majority (see Matter of Josiah v London, 224 AD3d 834, 835).
Contrary to the mother's contention, the Family Court providently exercised its discretion in dismissing her petition alleging that the father violated an order of protection dated May 10, 2021, by calling her cell phone. "The enforcement of an order of protection may be pursued by the filing of a violation petition alleging a failure to obey the order of protection" (Matter of Rubackin v Rubackin, 62 AD3d 11, 14-15; see Family Ct Act § 846). "The determination as to whether a violation of a lawful order has been committed is a factual issue to be resolved by the hearing court, whose determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record" (Matter of Sicina v Gorish, 209 AD3d 658, 658-659, quoting Matter of Lashlee v Lashlee, 161 AD3d 866, 867). Here, the court did not err in finding that the mother failed to prove by clear and convincing evidence that the father had violated the order of protection dated May 10, 2021, when he inadvertently "butt-dialed" her. Therefore, the court properly dismissed the mother's petition (see Matter of Quattrochi v Negri, 187 AD3d 921, 922).
"An appropriate disposition in a family offense proceeding is one which is reasonably necessary to provide meaningful protection . . . and to eradicate the root of the family disturbance" (Matter of Jones v Leneau, 234 AD3d 689, 690 [internal quotation marks omitted]). Here, upon its determination that the father had committed certain family offenses against the mother, the Family Court issued the mother a six-month order of protection against the father. Contrary to the mother's contention, the court providently exercised its discretion in finding that a longer period of protection was not reasonably necessary under the circumstances (see id.).
Furthermore, the Family Court properly dismissed the mother's petition alleging that the father violated an order of protection dated January 3, 2022, in an order of dismissal dated March 27, 2023.
BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court